NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| THOMAS SCOTT SOUTHERN, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>JUDGE JAMES L. BOWLING, JR., )<br>)<br>Defendant. ) | Civil Action No. 6: 06-537-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Thomas Scott Southern, an individual confined at the Green River Correctional Complex in Central City, Kentucky, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, together with several motions. His motion to proceed in this case *in forma pauperis* will be addressed by separate Order. The complaint is now before the Court for initial screening.[1] 28 U.S.C. §1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons discussed below, the complaint will be dismissed, and the remainder of the accompanying motions will be denied.

---

[1] This is a *pro se* pleading and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition/complaint must be taken as true and construed in favor of the *pro se* litigant. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted.

## CLAIMS AND DEFENDANTS

The Plaintiff asserts that James L. Bowling, Jr., a Bell Circuit Court Judge, has violated his constitutional rights under the First, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution. He also alleges that Judge Bowling is guilty of judicial misconduct, which the Court construes as a state claim. He specifies that Judge Bowling is sued in his individual and official capacities.

## FACTS

The opinion in *Southern v. Commonwealth*, 2006 WL 141608 (Ky. 2006) (not reported in S.W.3d), provides relevant background information for this case. It reveals that in 2002, Southern's 14-year-old daughter told officials that her father had been raping her for three years. An investigation was commenced. In 2003, Plaintiff was indicted by a grand jury (Bell Circuit Court, Case No. 03-CR-00068) for two counts of Rape in the First Degree and one count of Sodomy in the First Degree.

In January 2004, a jury convicted the Plaintiff on all counts. Pursuant to the jury's recommendation, Southern was sentenced to an aggregate of thirty (30) years in the state penitentiary. He appealed his conviction to the Supreme Court of Kentucky, as a matter of right, on several grounds. On January 19, 2006, that Court issued the above-referenced decision, rejecting all of his claims of error and affirming his conviction. Southern is currently serving his 30-year sentence.

In the current 4-page, typewritten complaint, to which the Plaintiff has attached numerous documents, he continues to claim that he is innocent of the charges on which he was

tried and convicted. He specifically alleges that Judge Bowling allowed into the trial evidence which he knew to be altered, rejected valid evidence offered by defense counsel, aided in a conspiracy by the Commonwealth Attorney to maliciously prosecute him, and repeatedly degraded him in the courtroom. As to any reason for such treatment, Plaintiff Southern writes, "[t]here is an established history between the plaintiff and defendant and through mutual associates has created motives for defendant's unethical conducts within the courtroom."

Additionally, the Plaintiff claims that he has exhausted his administrative remedies by filing complaints with 13 appropriate persons and organizations, which he lists, including Kentucky's Judicial Conduct Commission and the American Bar Association. Further, he argues that Judge Bowling is not entitled to protection under the doctrine of qualified immunity. Southern's attachments include affidavits, mostly from family members, attesting to his nature, his being a good father, and his daughter's hostility toward him for his strictness.

## RELIEF REQUESTED

Southern asks this Court to listen to certain trial tapes and review this case together with two other §1983 cases which he has filed about the above-described conviction;[2] to order a criminal investigation into the Defendant's improper conduct; and to award him damages, including punitive damages.

---

[2] Southern filed three similar §1983 complaints and attachments in this Court simultaneously, all *pro se* and all seeking the same relief, including damages from participants involved in the same prosecution and conviction. In *Southern v. English*, Civil Action No. 6: 06-536-DCR, the Plaintiff named as the Defendants the Middlesboro, Kentucky, Police Department and the police officer in charge of the investigation resulting in his prosecution. No. 6: 06-536-DCR was recently dismissed on several grounds stated in the Court's Memorandum Opinion and Order of January 4, 2007. In *Southern v. Blondell*, Civil Action No. 6: 06-538-DCR, he has named the Commonwealth Attorney who prosecuted him. That complaint is awaiting screening.

DISCUSSION

To the extent that Southern seeks release from the purported illegal conviction and/or sentence obtained in the state court proceedings, he essentially seeks a writ of habeas corpus. He is hereby informed that he cannot use a civil proceeding, brought pursuant to 42 U.S.C. §1983, to challenge convictions which the state courts have held to be valid.  He can  proceed only according to habeas law.  *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Dixon v. Alexander*, 741 F.2d 121, 124-25 (6th Cir. 1984).  "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus."  *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). "Section 1983 should not be used to make an end run around habeas corpus procedures." *Foster v. Kassulke*, 898 F.2d 1144, 1148 (6th Cir. 1990).

Therefore, to the extent that Southern seeks relief from his convictions and/or sentences, consistent with the foregoing, this Court will not entertain his claims on the merits in this § 1983 proceeding.  Southern may seek relief from the conviction and sentence only by filing a petition for writ of habeas corpus under 28 U.S.C. §2254, after exhaustion of state court remedies to the highest court in Kentucky and within the time frame of the federal statute. *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985) (citing *Preiser*, 411 U.S.  at 482).  *See also N.A.A.C.P. v. Detroit Police Officers Ass'n.*, 900 F.2d 903 (6th Cir. 1990) (citing *Preiser*, 411 U.S. at 489-90).

With regard to Southern's request to have the Court perform a criminal investigation of this Defendant, he is further advised herein, as he was in Case No. 6: 06-536-DCR, that the

authority to initiate criminal complaints rests exclusively with state and federal prosecutors. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986). A federal court has no authority to do so. *Id.*; *see also Kennedy v. Anderson*, 373 F. Supp. 1345, 1346 (E.D. Okla. 1974).

Regarding Southern's claims for damages, the Plaintiff is advised that Judges are absolutely immune from suit for a deprivation of civil rights so long as the complained-of act was not taken in the clear absence of all jurisdiction and so long as the act was a judicial act (the function was normally one performed by a judge and the parties dealt with the judge in his or her judicial capacity). *See Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 356-362 (1978). Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors. *Stump v. Sparkman*, 435 U.S. at 359. Having complained of the presiding Judge's acts during his trial in the courtroom, Plaintiff essentially admits that the complained-of acts were judicial. Therefore, under the foregoing law, all of the Plaintiff's civil rights claims against Judge Bowling must be dismissed on the basis of absolute judicial immunity.

Finally, to the extent that Southern seeks damages from this Defendant for purported violations of state law, be it sounding in fraud, Kentucky statutes, legal malpractice or other tort, he is advised that federal courts have discretion as to whether to entertain pendent jurisdiction over state claims filed in connection with and arising out of the same facts as federal claims. *See* 28 U.S.C. §1326, *Supplemental Jurisdiction*. However, when the Plaintiff has no federal cause of action, as when the federal claims have dropped out, the District Court may exercise its

discretion to dismiss his pendent state law claims. *Id.*; *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt*, 24 F.3d 781 (6th Cir. 1994); *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987). Having found that none of the federal claims herein may proceed, the Court declines to exercise its supplemental jurisdiction. It will dismiss the pendent state claims, without prejudice.

## CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) This action is **DISMISSED**, *sua sponte,* from the docket of the Court. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendant.

(2) The Plaintiff's motions for this Court to Order the Defendant to produce copies of all of the criminal trial tapes [Record No. 4] and for an evidentiary hearing [Record No. 5] are **DENIED** as moot.

This 12th day of January, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge